IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH MILLS,

      Plaintiff,                    No. CIV 05-1153 LKK PAN P

    vs.

STATE OF CALIFORNIA, et al.,      ORDER AND

      Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff's motion to proceed in forma pauperis is incomplete in that plaintiff has not submitted an inmate trust account statement for the six month period that preceded the filing of this action.  Cf. 28 U.S.C. § 1915(b).  For this reason, plaintiff's motion to proceed in forma pauperis will be denied without prejudice.

/////

---

[1] This action was transferred to this court from the United States District Court for the Northern District of California by order filed in this court on June 10, 2005.

1

1    The court is required to screen complaints brought by prisoners seeking relief
2    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
3    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
4    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
5    granted, or that seek monetary relief from a defendant who is immune from such relief.  28
6    U.S.C. § 1915A(b)(1),(2).

7    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
9    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
10   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
11   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
12   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13   Cir. 1989); Franklin, 745 F.2d at 1227.

14   A complaint, or portion thereof, should only be dismissed for failure to state a
15   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
16   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
17   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
18   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
19   complaint under this standard, the court must accept as true the allegations of the complaint in
20   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
21   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
22   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

23   Plaintiff names as defendants the State of California, the County of Solano, and
24   Allen P. Carter, a Solano County Superior Court judge.  At issue in this action is the validity of a
25   conviction that plaintiff suffered in Solano County Superior Court in 2001.  Plaintiff seeks
26   money damages.

1     Plaintiff currently has a habeas corpus challenge to the 2001 Solano County
2 Conviction pending in this court. (No. CIV S-03-0341 GEB PAN P.)[2]  In Heck v. Humphrey,
3 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil
4 rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be
5 maintained absent proof "that the conviction or sentence has been reversed on direct appeal,
6 expunged by executive order, declared invalid by a state tribunal authorized to make such
7 determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28
8 U.S.C. § 2254." Heck, 512 U.S. at 486.
9     Under Heck, the court is required to determine whether a judgment in plaintiff's
10 favor in this case would necessarily invalidate his conviction or sentence. Id.  If it would, the
11 complaint must be dismissed unless the plaintiff can show that the conviction or sentence has
12 been invalidated.  This court finds that plaintiff's action implicates the validity of plaintiff's
13 conviction, and that the conviction has not been invalidated.
14     As a general rules, dismissals pursuant to Heck v. Humphrey are without
15 prejudice. See Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir. 1995).  However, for the
16 reasons set forth infra plaintiff has failed to name any defendant against whom relief might be
17 granted in that action.  The court will therefore recommend dismissal on that basis.
18     Both the State of California and Judge Carter are immune from liability in this §
19 1983 action.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private
20 parties against a state or state agency unless the state or the agency consents to such suit. See
21 Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam);
22 Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of
23 California has not consented to suit and is therefore protected from liability by the Eleventh
24 Amendment

---

[2] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  Judges acting within the course and scope of their judicial duties are absolutely
2  immune from liability.  Pierson v. Ray, 386 U.S. 547 (1967).  A judge is "subject to liability only
3  when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349,
4  356-7 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872).  Plaintiff's complaint does
5  not include any allegations that give rise to a colorable claim against Judge Carter.
6  Finally, the County of Solano is not a proper defendants where, as here, there are
7  no allegations that implicate an unconstitutional municipal policy.  See Christie v. Iopa, 176 F.3d
8  1231, 1235 (9th Cir. 1999).
9  In accordance with the above, IT IS HEREBY ORDERED that plaintiff's June 23,
10  2005 motion for leave to proceed in forma pauperis is denied without prejudice; and
11  IT IS HEREBY RECOMMENDED that this action be dismissed for failure to
12  state a claim upon which relief may be granted and because the action seeks monetary relief from
13  defendants who are immune from such relief.  See 28 U.S.C. § 1915A.
14  These findings and recommendations are submitted to the United States District
15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
16  days after being served with these findings and recommendations, plaintiff may file written
17  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
18  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
19  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
20  F.2d 1153 (9th Cir. 1991).
21  DATED:  March 24, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

26  12;mill1153.56